Adrien H. Sylvestre *vs.* Board of Aldermen, City of Woonsocket.

DECEMBER 31, 1920.

Present: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Elections.   Ballots.   Voting Marks.   Certiorari.*

Whether the marks.placed upon his ballot by a voter conform to the statutory requirements for a legal ballot, is a question of law rather than of fact, and can be reviewed by *certiorari.*

*(2)   Elections.   Ballots.   Voting Marks.*

In passing upon the marking of a ballot by a voter, each case must be determined after an examination of the particular mark objected to, but as a general rule, if the additional mark or marks in question are not of a kind likely to be used for the purpose of identification, and appear to have been made accidentally, or by unskillful handling of the pencil, and their presence on the ballot appears consistent with an honest intention in the voter, then a reasonable construction of the statute requires that the voter should not be disfranchised for this reason, and the ballot should be counted.

*(3)   Elections.   Ballots.   Voting Marks.*

Writing on the ballot the names of candidates for whom a voter had already voted, by placing a cross opposite their names, resulted in placing upon

the ballot marks by which it could be identified, and the ballot was properly rejected.

*(4)    Elections.    Ballots.    Voting Marks.*

A ballot was properly rejected as bearing a distinguishing mark where the voter attempted to erase a cross which he had marked upon his ballot.

*(5)    Elections.    Ballots.    Voting Marks.*

A ballot bearing a cross at the right of the name of a candidate but at the left and wholly outside of the voting square was properly counted as a legal ballot.

*(6)    Elections.    Ballots.    Voting Marks.*

A ballot marked in the circle under the party emblem, the mark consisting of two separate and distinct lines, approximately parallel intersected by two other separate and distinct lines approximately parallel, the two extra lines appearing to have been made deliberately, is not a legal ballot.

*(7)    Elections.    Ballots.    Voting Marks.*

A ballot marked in the circle under the party emblem, the two ends of the two lines being connected should not be rejected as containing a distinguishing mark, it being apparent the voter made the cross and inadvertently by a slip of the pencil connected the ends.

*(8)    Elections.    Ballots.    Voting Marks.*

A ballot marked with a triangle with the lines forming two of its sides extended crossing each other, the mark apparently being deliberately made, should be rejected as containing a distinguishing mark. ·

*(9)    Elections.    Ballots.    Voting Marks.*

Where the voter made the cross in the circle under the party emblem and cancelled all names in that column except the name of the candidate for mayor, the cancellation of the name of the opposing candidate for mayor was a deliberate act which placed a distinguishing mark upon the ballot.

*(10)    Elections.    Ballots.    Voting Marks.*

A mark consisting of one line intersecting two other lines which meet at a point is not the mark required by statute and the ballot should be rejected.

*(11)    Ballots.    Elections.    Voting Marks.*

A mark consisting of a double cross made by one line intersecting two separate and distinct parallel lines not appearing to be the result of accident is not the mark required by statute and the ballot should be rejected.

*(12)    Ballots.    Elections.    Voting Marks.*

A ballot with a small dot near the end of one of the lines, forming the cross apparently made by inadvertance and not a mark likely to be used for identification was properly counted.

*(13)    Elections.    Ballots.    Voting Marks.*

A ballot with a cross formed by the intersection of a vertical and a horizontal line, the latter line having the appearance of having been traced from one

end to the point of intersection from which point a line was drawn close beside and forming a small interior angle with the other half of the horizontal line, neither of the two original lines being more than 3-16ths of an inch in length and the short line which formed an angle with half of the horizontal line being about 1-16th of an inch in length, the tracing and the short line having the appearance of being the result of an involuntary movement of the hand, was properly counted.

*(14)* *Elections. Ballots. Voting Marks.*

A ballot where the voter marked in the voting squares and not in one of the circles and cancelled the names of candidates against whom he had voted, was defective as bearing distinguishing marks.

*(15)* *Elections. Ballots. Voting Marks.*

Where a ballot contained a (X) in the circle, and a (X) in the square at the right of a candidate's name in the same column had been erased, the erasure constituted a distinguishing mark.

*(16)* *Elections. Ballots. Voting Marks.*

A ballot containing a (X) at the right of the candidate's name, although not within the square was properly counted as the voter unquestionably intended to vote for the candidate.

*(17)* *Elections. Ballots. Voting Marks.*

Where a voter placed a cross in the square at the right of each name in the party column, and also placed a cross at the right of the words "for district clerk" the latter cross constituted a distinguishing mark.

*(18)* *Elections. Ballots. Voting Marks.*

Where the voter in making the cross on a ballot attempted to display artistic skill, the result not being a cross made by two lines crossing each other the ballot was defective as bearing a distinguishing mark, and also for not containing the (X) as required by statute.

*(19)* *Elections. Ballots. Voting Marks.*

Where a voter in the square at the right of the name of a candidate placed a monogram composed of two capital letters the ballot was properly rejected as containing a distinguishing mark.

*(20)* *Elections. Ballots. Voting Marks.*

Where a voter in the square at the right of the name of a candidate placed a capital letter "T" it being apparent the voter intended to make a (X) and not a letter "T" the mark is not a distinguishing mark and the ballot was properly counted.

CERTIORARI.   Heard and record quashed.

RATHBUN, J.   This is a petition for a writ of *certiorari* brought by Adrien H. Sylvestre against the Board of Aldermen of the city of Woonsocket.   The essential allegations

of the petition are that the petitioner is a taxpayer and property voter in the fifth ward of said city; that at the election held in said fifth ward in said city, on November 2, 1920, he was the Republican candidate for the office of alderman and received a plurality of all the legal votes cast for said office; that said Board of Aldermen in counting said ballots refused against the protest of the petitioner to count four ballots which were legally cast in his favor at said election; that said Board against his protest erroneously counted in favor of his opponent, Joseph Leclair, the Democrat candidate for said office thirteen "defective" ballots and declared said Joseph Leclair elected by a vote of 372 to 371 for the petitioner.

The petition alleges that said ballots were counted by said Board of Aldermen "sitting as a board of canvassers." The writ was issued and citation served on said Board of Aldermen in its capacity as a Board of Canvassers. It appearing that said Board in counting said ballots acted not in its capacity as a Board of Canvassers but in its capacity as a Board of Aldermen, the parties stipulated that the petition be amended by substituting the word "Aldermen" for the word "Canvassers" throughout the petition and agreed "that the cause be considered by the court as if a writ of *certiorari* to the Board of Aldermen of said city of Woonsocket had been duly issued and served and return made thereto upon the allegations of the amended petition."

At the hearing before us each of said four ballots and said thirteen ballots were marked as exhibits. Counsel for said Joseph Leclair, the Democrat candidate for said office, was permitted to appear and to take part in the hearing, and certain ballots counted by said Board in favor of the petitioner against the protest of said Leclair and certain ballots which said Board, against the protest of said Leclair refused to count in his favor, were also marked as exhibits.

As this court said in *Rice* v. *Town Council of Westerly*, 35 R. I. at 121, "*certiorari* does not lie to review findings of fact and the constitutional provision, giving to this court

revisory and appellate jurisdiction to review the proceedings of inferior tribunals, by its terms only provides for a review of questions of law and equity. The matters now before us relate wholly to the manner in which the ballots in question were marked by the voters. Whether the marks placed upon his ballot by a voter conform to the statutory requirements for a legal ballot is a question of law rather than of fact, and is one proper to be reviewed in this proceeding."

Chapter 11, Section 46, Gen. Laws, 1909, contains the following language: "No voter shall place any mark upon his ballot by which it may be afterwards identified as the one voted by him. One line crossing another at any angle within the circle or any voting-square, or at the right of any name, shall be deemed a valid voting-mark."

*Rice* v. *Town Council of Westerly, supra,* at 122 and 123, laid down certain general rules as follows, for passing upon the validity of voting-marks and ballots: "This court has frequently held that to make his ballot effective the voter must use the voting-mark prescribed by statute, *i. e.,* one line crossing another at any angle. No vote should be counted unless the voter has conformed to that requirement. The statutory requirement is equally imperative that the voter shall place no mark upon his ballot by which it may be identified afterwards. If the voter places upon his ballot a mark, unconnected with the voting-mark, which additional mark appears to have been knowingly and intentionally placed, it will render his ballot defective, as bearing a distinguishing mark. So also if in connection with the voting-mark itself the voter makes an additional mark which appears to have been intentionally made and to be one which may be a means of identification, such additional mark should be held to be a distinguishing mark and the ballot is defective; but in our opinion a different question is presented when, upon an inspection of the ballot it appears as most probable that the voter in making the cross required by statute, or in addition to said cross, clumsily or acci-

dentally has made some other mark in connection with said cross; but a mark of such a nature as to raise grave doubt of any improper intention on the voter's part. From old age, defective eyesight, a clumsy or a trembling hand, lack of skill in the use of a pencil or from other cause some voters are much less expert than others in marking their ballots. Each case must be determined after an examination of the particular mark objected to; but it may be stated, as a general rule, that if the additional mark or marks in question are not of a kind likely to be used for the purpose of identification, and appear to have been made accidentally, or to have been made by reason of unskillfulness in the use of a pencil or in the making of a cross, and their presence upon the ballot appears consistent with an honest intention in the voter, then a reasonable construction of the statute requires that the voter should not be disfranchised for this reason, that his ballot should be considered valid, and should be counted."

The petitioner objects to the action of said Board in refusing to count in his favor ballots one to four, inclusive. The voter in marking Exhibit 1 cancelled the name of the Republican candidate for mayor and placed a cross in the voting-square opposite the name of each of the other candidates in the Republican column, placed a cross in the voting-square opposite the name of the Democrat candidate for mayor, cancelled the names of all other candidates in the Democrat column and wrote, in the blank space at the right, the names of all candidates opposite whose names he had placed a cross. Writing on the ballot the names of candidates for whom he had already voted was a deliberate act which served no legitimate purpose and which resulted in placing upon the ballot marks by which it could be identified. In our opinion said Board did not err in refusing to count Exhibit 1.

Each of the Exhibits 2 to 4 inclusive shows that the voter attempted to erase a cross. The voter either made a cross where he did not intend or changed his mind after making

32

the cross; in either event he should have returned the spoiled ballot and obtained another. Sec. 44, Chap. 11, Gen. Laws, 1909. *Thorpe* v. *Fales*, 33 R. I. at 397. Each of these ballots by reason of the attempted erasure bears a distinguishing mark. In our opinion said Board did not err in refusing to count Exhibits 2 to 4, inclusive.

(5) Petitioner further objects to the action of said Board in counting Exhibit 5 for his opponent Joseph Leclair. This ballot bears a cross at the right of the name of Joseph Leclair but at the left and wholly outside of the voting-square. The petitioner contends that the voter failed to register his intention to vote for Leclair. Section 43 of said chapter contains the following language: "The voter may omit to mark in any circle, and may vote for the candidates of his choice by making a cross (X) in the square opposite their names." . . . Said section purports to describe the manner in which ballots should be marked and contains no provision for marking a ballot with a cross in any other place than in one of the circles or in the squares opposite candidates' names. Said section designates the circle and the square as the appropriate places for marking a ballot with a cross. The voter evidently failed to mark the ballot in the manner prescribed by said Section 43, but Section 46 of said chapter contains the following language: "One line crossing another at any angle within the circle or any voting-square, or at the right of any name, shall be deemed a valid voting-mark." Said Section 46 is devoted largely to instructions relative to counting ballots and it was evidently the intention of the legislature that a ballot marked with a cross at the right of a candidate's name even though outside of the square should "be deemed a valid voting-mark." *In Re The Vote Marks* (Opinion to the Governor), 17 R. I. 812, at 814, contains the following language: "In answer to the second question, we have to say that we do not find in chapter 731 any provision for squares upon the ballots. The sixth section provides that 'the ballots shall be so printed as to give to each voter a clear opportunity to

designate by a cross mark (X), in a sufficient margin at the right of the name of each candidate, his choice of candidates,' etc.   The eighteenth section provides that the voter 'shall prepare his ballot by marking, in the appropriate margin or place, a cross (X) opposite the name of the candidate of his choice,' etc.   Our opinion is, that a cross placed in the margin of the ballot, on the right of the names of the candidates, opposite a candidate's name, should be counted as a vote for the candidate opposite whose name it is placed, whether the margin have a square in it or not, and, if there be a square in it, even though the cross is without or partly without the square." After the opinion in *In Re The Vote Marks* was rendered the provision relative to marking ballots was amended and in place of the language of the statute as quoted in said opinion we have the language above quoted from said Section 43 designating the circle and the square as the appropriate places for marking the ballot with a cross, and after said opinion was rendered the provision relative to counting ballots, which we have above quoted from said Section 46, was added.   It would therefore appear that the phrase "or at the right of any name" was advisedly inserted in the statute. In our opinion said Board did not err in counting Exhibit 5.

(6)     The petitioner further objects to the action of said Board in counting for his opponent Leclair Exhibit 6, which was marked in the circle under the Democrat emblem.   The mark consists of two separate and distinct lines, approximately parallel, intersected by two other separate and distinct lines, approximately parallel.   The two extra lines appear to have been made deliberately and not inadvertently.   The mark is not a cross made by two lines crossing each other as required by the statute and might readily be used as a means of identifying the ballot.   In our opinion the action of said Board in counting Exhibit 6 was erroneous.   See *Rice* v. *Town Council of Westerly, supra:   In Re Vote Marks, supra.*

The petitioner also objects to the action of said Board in counting in favor of his opponent Leclair Exhibit 7.   This

(7) ballot was marked in the circle under the Democrat emblem. We are of the opinion that the voter intended to make and did make a cross but inadvertently by a slip of the pencil connected two ends of the two lines; that the extra line does not constitute a distinguishing mark and that said Board did not err in counting Exhibit 7.    See *Rice* v. *Town Council of Westerly, supra.*

The petitioner further objects to the action of said Board in counting Exhibit 8 in favor of his opponent Leclair.    The mark in question is a triangle with the lines forming two of (8) its sides extended crossing each other.    It is impossible to determine whether the voter first made a cross and then deliberately connected two ends of the two lines or whether the mark was made without removing the pencil from the paper.    The mark appears to have been made deliberately and does not appear to be a cross with two ends of the two lines connected through inadvertence.    We are of the opinion that said mark constitutes a distinguishing mark and that the action of said Board in counting Exhibit 8 was erroneous.

The petitioner further objects to the action of said Board in counting Exhibits 11 and "three X" in favor of his opponent Leclair.    The mark on each of these ballots was similar to the mark on Exhibit 8 but on each of these exhibits the mark clearly appears to have been made deliberately and without removing the pencil from the paper.    In our opinion the action of said Board in counting Exhibits 11 and "three X" was erroneous.

The petitioner further objects to the action of said Board in counting Exhibit G in favor of his opponent Leclair. The voter in marking this ballot made the cross in the circle under the Republican emblem and cancelled all names in that column except the name of the Republican candidate (9) for mayor.    The voter also cancelled the name of the Democrat candidate for mayor whom he had voted against.    Cancelling the name of a candidate against whom he had voted by placing a cross in the circle over the other column could

serve no legitimate purpose. Cancelling the name of the Democrat candidate for mayor was a deliberate act which placed a distinguishing mark upon the ballot. In our opinion the action of said Board in counting Exhibit G was erroneous.

(10) The petitioner further objects to the action of said Board in counting Exhibit 9 in favor of his opponent Leclair. The mark in question on this ballot is in the square at the right of the name of Joseph Leclair and consists of one line intersecting two other lines which meet at a point. Such a mark is not the mark required by statute. See *In Re The Vote Marks, supra.* In our opinion the action of said Board in counting Exhibit 9 was erroneous.

(11) The petitioner further objects to the action of said Board in counting Exhibit 10 in favor of his opponent Leclair. This ballot was marked in the circle under the Democrat emblem with a double cross made by one line intersecting two separate and distinct parallel lines. We cannot say that it is probable that one of the two parallel lines is the result of accident or inadvertence. The mark is not the mark required by statute and is one which might readily be used to identify the ballot. In our opinion the action of said Board in counting Exhibit 10 was erroneous.

(12) The petitioner further objects to the action of said Board in counting Exhibits 12 and 14 in favor of his opponent Leclair. Each of these ballots was marked with a cross in the circle under the Democrat emblem. On each ballot close by the side and near the end of one of the lines forming the cross is a small pencil mark slightly more than a dot. In our opinion said marks were made by inadvertently touching the pencil to the paper before proceeding to draw a line of the cross and are not such marks as would likely be used to identify the ballot. In our opinion said Board did not err in counting Exhibits 12 and 14. See *Rice* v. *Town Council of Westerly, supra.*

(13) The petitioner further objects to the action of said Board in counting Exhibit 13 in favor of his opponent Leclair.

The mark in question is a cross within one of the squares. The cross is formed by the intersection of a vertical and a horizontal line.   The horizontal line has the appearance of having been traced from one end to the point of intersection from which point a line is drawn close beside and forms a small interior angle with the other half of the horizontal line.   Neither of the two original lines is more than three-sixteenths of an inch in length and the short line which forms an angle with one-half of the horizontal line is about one-sixteenth of an inch in length.   The tracing and the short line have the appearance of being the result of an involuntary movement of the hand and not the result of a deliberate act.   In our opinion said Board did not err in counting Exhibit 13.

The petitioner further objects to the action of said Board in counting Exhibit "one X" for his opponent Leclair. This ballot is defective by reason of bearing distinguishing marks.   The ballot is marked in the voting-squares and not in one of the circles and the voter cancelled the names of candidates against whom he had voted.   In our opinion the action of said Board in counting Exhibit "one X" was erroneous.

Said Joseph Leclair objects to the action of said Board in refusing to count Exhibit A in his favor.   This ballot contains a cross in the circle under the Democrat emblem.   A cross in the square at the right of a candidate's name in the same column has been erased.   The erasure constitutes a distinguishing mark.   In our opinion said Board did not err in refusing to count Exhibit A.   See *Thorpe* v. *Fales*, 33 R. I. at 397.

Said Leclair further objects to the action of said Board in counting Exhibit B in favor of his opponent, the petitioner. The mark in question consists of a cross at the right of the petitioner's name.   Although the cross is not within the square the voter unquestionably intended to vote for the petitioner.   In our opinion said Board did not err in counting Exhibit B.

Said Leclair further objects to the action of said Board in refusing to count Exhibit C in his favor. The voter (17) placed a cross in the square at the right of each name in the Democrat column and also placed a cross at the right of the words "FOR DISTRICT CLERK." The latter cross, in our opinion, constitutes a distinguishing mark. The extra cross could not serve any legitimate purpose. In our opinion said Board did not err in refusing to count Exhibit C.

Said Leclair further objects to the action of said Board in counting Exhibit D in favor of his opponent, the petitioner. (18) The voter in marking this ballot in the circle under the Republican emblem attempted to display his artistic skill. The mark was deliberately made and is not only a distinguishing mark but is not a cross made by two lines crossing each other as required by statute. At the hearing counsel for petitioner admitted that said mark was not a valid voting-mark. In our opinion the action of said Board in counting Exhibit D was erroneous.

Said Leclair further objects to the action of said Board in counting Exhibit E in favor of his opponent, the petitioner. (19) In the square at the right of the name of Joseph Demers is a monogram composed of the capital letters "A" and "T." The mark is not a cross formed by two intersecting lines. The mark appears to have been made deliberately and is a distinguishing mark. In our opinion the action of said Board in counting Exhibit E was erroneous.

Said Leclair further objects to the action of said Board in counting Exhibit F in favor of his opponent, the petitioner. (20) In the square at the right of the name of Joseph Demers is a capital letter "T." It is apparent that the voter intended to vote for Demers but failing to make a cross did not execute his intention. The mark is not a distinguishing mark. The voter apparently intended to make a cross and not a letter "T." In our opinion said Board did not err in counting Exhibit F.

The vote as declared by said Board was 372 votes for Joseph Leclair and 371 votes for the petitioner. Said

Board erroneously counted two ballots, viz.: Exhibits D and E in favor of the petitioner and eight ballots, viz: Exhibits 6, 8, G, 9, 10, 11, "one X" and "three X" in favor of Leclair. The petitioner, Adrien H. Sylvestre, received 369 votes. Joseph Leclair received 364 votes.

The record of said Board of Aldermen declaring said Joseph Leclair elected alderman is quashed.

*Raphael L. Daignault,* for petitioner.

*Elphege J. Daignault, City Solicitor,* for respondents.

*George W. Greene, James T. Greene,* for Joseph Leclair.